Nelson, J.,
delivered the opinion of the Court.
The charging part of the indictment in this case, is, that the defendant, on, &c., “unlawfully, maliciously and feloniously, did slit, cut off and bite off, the ear of John Tarwater, whereby the said John Tarwater is maimed and disfigured, &c.,” and it is insisted for defendant, that the indictment is bad, because it charges two or more distinct .offenses in one count. It is provided, among other things, in the Code, 4606, “that no person shall unlawfully and maliciously slit, cut off or bite off the nose, ear or lip of another, or any part of either of them, whereby the person is maimed or disfigured;” and it is argued for the defendant, that the three offenses of *9 slitting, cutting off,' and biting off, tbe nose, lip or ear of another, are embraced in the statute, and can not be included in one count of the same indictment. If this were a valid objection at common law, it was probably the intention of the Legislature to guard against it, in the Code, 5121, which provides that “an offense may be charged in an' indictment in different forms, so as to meet the evidence in. the case; and where it may have been committed by different means, the means may be alleged in the same count in the alternative.
While each of the acts of slitting, cutting off, and biting off, may be committed separately, and be indictable, we can not say that they may not be committed as parts of the same transaction, so as to constitute one offense, nor that, if they are jointly charged, the proof of either would not be sufficient to support the indictment. The defendant can not be embarrased in his defense, nor could the Court be at a loss to pronounce judgment, as where felonies of a different nature and punishable in a different manner, or distinct felonies and misdemeanors, are embraced in the same indictment. In Wharton’s Cr. Law, 2d ed., 141, it is said: “Where a statute * * makes two or more distinct acts connected with the same transaction, indictable, each one of which may be considered as representing a stage in the.same offense, it has, in many cases, been ruled that they may be coupled in one count. Thus, setting up a gaming table, it has been said, may be an entire offense; keeping a gaming table, and inducing others to bet upon it, may also constitute a distinct offense. Yet, when both are perpetrated by the same person at the same time, they constitute but *10 one offense, for which one count is sufficient, and for which but one penalty can be inflicted. An indictment which charges the prisoner with the offenses of falsely-making, forging and counterfeiting, of causing and procuring to be falsely made, forged and counterfeited, and of willingly aiding and assisting in the said false making, forging and counterfeiting, is a good indictment, though all of these charges are contained in a single count.” So a count in an indictment is not demurable for duplicity, which charges that defendant destroyed, and maliciously caused certain properly to be destroyed; nor a count which charges that the defendant did administer to, and cause to be administered to and taken by, three certain persons, a quantity of arsenic: 1 Wat. Arch. C. Pl., 314. And in this case, the three acts charged may constitute one offense, and be punishable as such, or the averments may be divisible, as upon indictments for murder, burglary and larceny, robbery and larceny, larceny of more articles than one, the battery of two or more persons, or the libel of two or more persons, where it is one single act, and the like: Rosc. Cr. Ev., 2d ed., 90, 91.
This view of the case is not in conflict with the opinion in Whiteside v. The State, 4 Cold., 182, 183. There the charge was in the disjunctive, but here the various acts are connected by the copulative conjunction. It follows that the Circuit Court erred in quashing the indictment, and the judgmeut is reversed and the cause remanded.